IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JUSTIN TAYLOR, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| REGIONAL ACCEPTANCE CORPORATION ) ) ) ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Regional Acceptance Corporation (hereinafter referred to as "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and for invasion of privacy and defamation. The TCPA prohibits automated telephone calls to cellular telephones without prior express consent.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here and the harm to plaintiff occurred here.

## **PARTIES**

3. Plaintiff Justin Taylor is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

4. Defendant is a North Carolina corporation that maintains a registered agent in the state of Illinois of CT Corporation System, 208 S. LaSalle St, Suite 814, Chicago, IL 60604. Defendant provides automotive financing to individual consumers in at least 25 states, including Illinois.

## **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227**

5. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

6. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

7. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

8. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

9. At all times relevant, plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

10. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

11. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the servicing of consumer automotive loans.

12. At all times relevant, Defendant owned the Debt or was retained to service the Debt.

13. "During the transaction that resulted in the debt owed," plaintiff did not provide his wireless number to Defendant nor otherwise provide express consent to receive prerecorded calls by Defendant on Plaintiff's cellular telephone.

14. Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

15. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received numerous calls on his cellular phone in or around January and February 2012.

16. All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

17. The telephone number that Defendant used to contact plaintiff, with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

20. Defendant did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

21. Defendant's telephone calls to Plaintiff's cellular phone were placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

22. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent

within the meaning of the statute, because it is the best entity to determine how numbers were attained.

23.     On or around January 25, 2012, Defendant telephoned Plaintiff's mother at a phone number which belongs to Plaintiff's parents.

24.     During this communication Defendant disclosed details about Plaintiff's account to Plaintiff's mother, including notifying Plaintiff's mother that Plaintiff faced repossession because of his delinquent account.

25.     On or around January 26, 2012, Defendant telephoned Plaintiff's father at a phone number which belongs to Plaintiff's parents.

26.     During this communication Defendant disclosed details about Plaintiff's account to Plaintiff's father.

27.     Plaintiff suffered embarrassment and humiliation as a result of Defendant's disclosure of private facts.

### COUNT I - TCPA (CELLULAR CALLS)

28.     Plaintiff incorporates the above factual allegations herein.

29.     Defendant made automated telephone calls to the wireless telephone numbers of Plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30.     These phone calls were made without the prior express consent of Plaintiff or the class.

31.     Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call

(other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff and the class.

33. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

34. Plaintiff proposes the following class definition, subject to amendment as appropriate:

> (1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) between a date of four years prior to and twenty days after the filing of this complaint. Excluded from this class are any such persons who provided that cellular telephone number to Defendant or the original creditor during the transaction that resulted in the debt.

35. Plaintiff does not know the exact number of members in the Class, but based upon Defendant's size, national scope, as well as that it was using a dialing system, plaintiff reasonably believes that class members number at minimum in the thousands.

36. Plaintiff and all members of the class have been harmed by the acts of Defendant.

37. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by defendant.

38. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made nonemergency calls to plaintiff and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c. Whether Defendant's conduct was knowing and/or willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical

of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class.

40. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

41. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

42. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

d. An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

e. Such other relief as the Court deems just and proper.

## COUNT II – INVASION OF PRIVACY

43. Plaintiff incorporates the above factual allegations herein.

44. This claim is brought by Plaintiff individually against Defendant.

45. Defendant, acting on its own behalf and through its agents, violated Plaintiff's right to seclusion by:

1. Discussing Plaintiff's alleged delinquency and/or pending repossession with numerous third parties, including his parents.

2. Making numerous calls to Plaintiff and third parties after being requested to refrain from making such calls.

46. By these actions, defendant intentionally intruded upon plaintiffs' right to seclusion and to not be portrayed in a false light.

47. These actions would be highly offensive to a reasonable person.

WHEREFORE, the Court should enter judgment in favor of plaintiffs against defendants for:

(1) Actual damages;

(2) Punitive damages;

(3) Costs of suit;

(4) Such other and further relief as the Court deems proper.

          Respectfully submitted,

          /s/ Keith J. Keogh
          One of Plaintiff's attorneys

Keith J. Keogh
Craig Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

          /s/ Keith J. Keogh